[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This petition was originally filed by pleading dated July 11, 1991 in which the petitioner claimed that he had been rendered the ineffective assistance of trial and appellate counsel. Subsequently, on October 14, 1994 the petitioner, through counsel, filed a Motion for Continuance in which he alleged that his underlying conviction had been overturned by the United State's District Court, and the District Court's decision was presently on appeal to the United States Court of Appeals, Second Circuit. Additionally, by pleading dated November 2, 1994 the respondent moved for a stay of the proceedings on the basis of the then pending appeal to the Second Circuit. Subsequently the United States Court of Appeals, Second Circuit reversed the decision of the District Court, effectively reinstating the petitioner's underlying conviction. By pleading dated November 1, 1995 the, petitioner filed an Amended Petition. Later, by pleading dated CT Page 1431-LLLL January 10, 1995 (the calendar year is an obvious typographical error: the court notes the pleading was filed on January 1, 1996.) the petitioner then filed a three count Amended Petition. In Count One the petitioner claims his criminal convictions and resultant incarceration are illegal in that they were obtained in violation of his Federal and State Constitutional right to have effective assistance of counsel. In Count Two the petitioner claims that he was denied the effective assistance of appellate counsel in violation of his Federal and State Constitutional rights. The Third Count consists of a claim by the petitioner that he was denied the right to a fair trial and due process as guaranteed to him by both the Federal and State Constitutions.
By pleading dated December 1, 1995 the respondent has moved to dismiss the petition pursuant to the provisions of Practice Book 529H (3) which provides that the court may dismiss a habeas petition if "the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition." Analysis of the respondent's motion requires a review of the petitioner's state court appeal as well as his Federal habeas petition.
Following his state court conviction the petitioner appealed to the Connecticut Appellate Court where his conviction was sustained. cf. State v. Headley, 26 Conn. App. 94 (1991). The petitioner then petitioned for certification to the State Constitutional Court. In his petition, the petitioner urged the Supreme Court to grant certification, in part, on the basis that the issues he raised implicated his Constitutional right to a fair trial as guaranteed by the State and Federal Constitutions. His petition for certification was denied. cf. State v. Headley,220 Conn. 933 (1991). Subsequently, on March 4, 1992 the petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court for the District of Connecticut in which he claimed that the rulings of the Connecticut courts violated his rights to a fair trial in contravention of both the State and Federal Constitutions. In its ruling on the petition, the District Court found that the petitioner had exhausted his state court remedies regarding the issues he had raised in his Federal habeas. The court agrees. The petitioner has had a full airing of his claim that he was denied his constitutional entitlement to a fair trial. While some of the factual allegations of Count Three were not made before either the State Appellate Court or in the petitioner's Federal habeas petition, they all relate to his claim that he was CT Page 1431-MMMM denied the right to a fair trial and could have been pursued by the petitioner as part of his direct appeal. Accordingly, Count Three of the petitioner's Amended Petition is dismissed.
The claims of ineffective assistance of counsel were not raised in the petitioner's federal habeas. Nor could they have been asserted in the Federal Court without first being aired in State Court. While the Federal and State standards for assessing an ineffective assistance of counsel claim are the same, the petitioner could not have raised the issue in his Federal habeas without first exhausting his State remedies. Nor would it have been the proper subject of his direct appeal to the Connecticut Appellate Court. Accordingly, the Motion to Dismiss as it relates to Count One and Count Two of the Amended Petition is denied.
Bishop, J.